## FITCH v. HALL.

A surrender of the principal in court by the bail, is to be proved
only by the record, and cannot regularly be pleaded as matter
*in pais.*

ACTION by the sheriff on a bail bond.    The defendant
pleaded, that on the 1st day of April, A. D. 1779, while the
action was pending in court, and before final judgment was
rendered, the defendant did tender his principal to the plain-
tiff (he then being sheriff, etc.) to be taken into custody in
discharge of his bond; but the sheriff refused to receive him.
And that afterwards (to-wit), on the first Tuesday of April,
1779, while the action was still pending against his principal,
the defendant did deliver him up in open court in discharge
of his bond, and requested to be discharged therefrom; but
the court neglected to make any record thereof, or to receive
him into custody.

The plaintiff demurred specially.    1st.  Because of du-
plicity.    2d.  For that the several matters pleaded were in-
sufficient.

By the COURT.  The plea in bar is insufficient, not on the
ground of duplicity; for though two matters are plead, they
are not sufficient matters:    Averments immaterial require
no traverse, and are mere surplusage.    But the fault is in
pleading a surrender of the principal in court as a matter
*in pais,* and not a matter of record.    Croke Ja. 402; 3 Buls.
192, Austin v. Monk; Hobart, 210; 1 Levinz, 211; Ray-
mond, 50; .Vin. A. P. B. A. 492, pl. 8; Poph. 185, 186;
Keb. 761, 816.    Every transaction in a court of record, per-
taining to a process, of which the surrender of the principal
in discharge of bail is one, regularly becomes a matter of

record, and must be shown by record only, and plead accordingly.

DYER, J., dissenting. It is agreed, that the producing the body of the principal, and delivering him up in court, is a legal fulfilment of the condition of the bail bond, and is all the bail can be obliged to do. It is highly proper that the court cause an entry to be made thereof, but it is what is not in the power of the bail to enjoin or enforce. There is no positive law which requires it, or decidedly determines such entry to be the only evidence. The admitting proof of the fact by verbal and other testimony, does not contradict or oppose any positive record, but goes only to prove a material fact where the record is wholly silent. The bail expressly avers in his plea, that the principal was delivered up to the court in discharge of his bond; and the law makes the strongest construction in favor of the bail. I am, therefore, of opinion the plea in bar is sufficient. When the bail has done all in his power, and what the law requires, ought he to be subjected to pay over what was only the just debt of the principal, merely through the neglect of a clerk?

Note.— This judgment was afterwards affirmed in the Supreme Court of Errors.